NO. 07-10-00380-CR; 07-10-00381-CR; 07-10-00382-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2010

_____

DAVID MATTHEW LAYTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, David Matthew Layton, seeks to appeal orders in each of the above-identified causes denying his requests for post-conviction DNA testing and appointment of counsel. See TEX. CODE CRIM. PROC. ANN. arts. 64.01, .03, .05 (Vernon Supp. 2010). The orders denying appellant's requests were signed on July 12, 2010. The deadline for perfecting the present appeals was, therefore, August 11, 2010. See TEX. R. APP. P. 26.2(a)(1).[1] Appellant filed his notices of appeal on September 27, 2010. Under these

_____

[1] We are aware, as appellant notes in his notice of appeal, that appellant filed a petition for writ of mandamus with this Court relating to the trial court's rulings in these orders on August 9, 2010. However, the filing of a petition for writ of mandamus within

circumstances, we lack jurisdiction to dispose of the purported appeals in any manner other than by dismissing them for want of jurisdiction.  <u>In re Suhre</u>, No. 03-03-00066-CR, 2003 Tex.App. LEXIS 1343, at *1 (Tex.App.—Austin Feb. 13, 2003, pet. ref'd).

Consequently, the appeals are dismissed for want of jurisdiction.

Mackey K. Hancock
Justice

Do not publish.

---

the time in which a direct appeal may be perfected does not extend the time in which the direct appeal must be perfected.  <u>See</u> <u>id.</u> at 26.2(b).